676 So.2d 35 (1996)
ST. LUCIE COUNTY, Appellant,
v.
CITY OF FORT PIERCE, a municipal corporation, and Chambers Waste Systems, Inc., a corporation organized under the laws of the State of Florida, Appellees.
No. 95-2044.
District Court of Appeal of Florida, Fourth District.
June 26, 1996.
Gregory T. Stewart and Robert L. Nabors, of Giblin & Nickerson, P.A., Tallahassee, and Daniel McIntyre, Fort Pierce, for appellant.
Robert T. Schwerer, James T. Walker and John T. Brennan of Brennan, Hayskar, Jefferson, *36 Walker & Schwerer, Fort Pierce, for appellees.
GENDEN, MICHAEL A., Associate Judge.
This is an appeal from a final judgment in favor of the City of Fort Pierce, "city" and against St. Lucie County, "county". The pertinent facts are as follows: Beginning in January 1986, the city and the county entered into a interlocal agreement whereby the county granted to the city the right to dispose of its garbage and trash at the county's Glades Road landfill. For the use of the landfill, the city paid to the county, tipping fees. The term of the initial agreement was from January 1, 1986 through December 31, 1986. The charges were to "be assessed in accordance with the schedule of fees approved by the Board of County Commissioners and as may from time to time be amended." This agreement was renewed several times. The final renewal was executed on March 15, 1990. The agreement, titled Third Landfill Use Interlocal Agreement Amendment, provided that agreement could be terminated by either party upon 60 days written notice.
As the years went by, the fees were increased. In 1987 the rate of disposal went to $26.00 per ton. In 1989 they went to $37.00 per ton. On January 1, 1992 it was increased to $51.00 per ton. After the last increase the parties became embroiled in a dispute concerning the city's use of the landfill. During the year 1992, after the fee was increased to $51.00 per ton, the city began withholding $6.00 per ton from its payment to the county. The city withheld this amount because it became aware that the county was using a part of the fees it was collecting to close down the Airport Landfill. The city contended that because a portion of the fees being paid were used to close a landfill that the city never used, including construction of a golf course to facilitate the closure, the county was being unjustly enriched.
In November 1992 the city began delivering its waste to another landfill outside of St. Lucie County. As a result of the city's decision to dispose of its waste outside of the county, the county sued for declaratory and injunctive relief concerning the city's right to dispose of its waste outside of the county. The city counterclaimed for damages. Among its claims the city sought damages for unjust enrichment.[1] It based its claim on the theory that it should not be required to pay for the closure of the Airport Landfill, a disposal site that it never used. After a bench trial, the trial court ruled in favor of the city on its unjust enrichment claim and awarded damages to the city in the amount of $509,000.00.[2] It is the award of damages under the unjust enrichment theory that has brought about this appeal.
The county raises two points on appeal. First, that the waste disposal fee is a valid fee and that its partial use for other county solid waste purposes does not alter that validity. Secondly, that said use is not unjust enrichment.
Simply stated it's the county's position that if these fees are valid user fees and they are being used for related waste disposal purposes then there can be no unjust enrichment. For the reasons stated below, we agree with the county and reverse.
We begin our analysis by determining if in fact the fees charged here constitute a valid user fee. In State v. City of Port Orange, 650 So.2d 1 (Fla.1994), the supreme court set out the criteria for a valid user fee. First, the charge must be for a governmental service. Second, the charge must benefit the party paying the fee in a manner not shared by other members of society. Third, the charged fees are paid by choice. We believe that the tipping fees in this case meet all the criteria set out above and these are valid *37 user fees. 1) The fees charged are for a governmental service, namely the use of the county's landfill by the city to dispose of waste; 2) The city received a benefit, which was the use of the Glades Road Landfill; 3) The fees were certainly voluntarily paid and voluntarily renewed for several years. When the fees became too high the city chose to dump its garbage elsewhere.
Having determined that the fee charged was a valid user fee, we next turn to the issue of whether or not the county could expend some of the fees collected to close down the Airport Landfill. In City of New Smyrna Beach v. Board of Trustees of Internal Improvement Trust Fund, 543 So.2d 824 (Fla. 5th DCA 1989), the Fifth District was faced with a challenge to the expenditures made by the city of New Smyrna after the collection of a beach use fee. The argument was made that collection of the beach fee only authorized expenditures for "beach maintenance." The court in rejecting that argument stated: "If the term `beach maintenance' were to be construed as limited solely to physical upkeep of the beach, then the municipalities would have to shoulder the economic burden of increased costs for law enforcement, life guards, emergency service and liability insurance." Id. at 829.
In upholding the city's expenditures, the court held that the fees could be used for traffic management, parking, law enforcement, liability insurance, sanitation, lifeguards and other staff purposes, "so long as such expenses were beach related." Id. See also Jacksonville Port Auth. v. Alamo Rent-A-Car, 600 So.2d 1159 (Fla. 1st DCA), rev. denied, 613 So.2d 1 (Fla.1992) (Fee charged by port authority was a valid user fee. Port Authority not limited to charging of fee which would be commensurate with what facilities were actually used).
The county argues that the use of the fees to close down the Airport Landfill was a solid waste related purpose and therefore a valid expenditure from the fees collected. We agree.
The operation of a landfill is an ongoing process of opening new landfills and closing down old ones. The closure of old landfills is mandated by Chapter 403 of the Florida Statutes. The city agrees that under this chapter the county is granted the power to charge reasonable fees to cover the cost of its landfill. Section 403.706(1), Florida Statutes (1993), provides: "Counties may charge reasonable fees for the handling and disposal of solid waste at their facilities ... fees collected... shall be used to fund solid waste management services...." Section 403.7125(2) requires that the owner or operator of a landfill is liable for the proper closure of that landfill.
We find that the fees are valid user fees and that the fees are being expended for a solid waste-related purpose. We are unpersuaded that the county is prohibited from using part of these fees to close down the Airport Landfill merely because the city never derived a benefit from the use of that landfill. As stated earlier, the process of operating landfills constantly requires the opening of new sites and the closing down of old ones. We believe that the process of closing old landfills is a waste-related purpose for which part of the fees can be used.
Having come to this conclusion, we find that the trial court erred in finding that the county was unjustly enriched. We therefore reverse the final judgment and remand this case to the trial court to enter a judgment for the county.
KLEIN and PARIENTE, JJ., concur.
NOTES
[1] The city contended that the fees were a double tax, and that some expenditure of revenues from county bonds were improperly expended. The city also contended that the county and not the city should be responsible to close two prior city landfills. On all these claims, the county prevailed.
[2] The trial court in its final judgment stated: Thus, I find and conclude that the county was unjustly enriched when it received money from the city for using the Glades Road Landfill and applied that money to pay for closure of the Airport Road Landfill.